Cynthia **GERNERT** and George Gernert, Petitioners,

v.

**DEPARTMENT OF THE ARMY,** Respondent.

No. 00–3424.

United States Court of Appeals, Federal Circuit.

May 9, 2002.

---

Before GAJARSA, LINN, and DYK, Circuit Judges.

PER CURIAM.

Cynthia and George Gernert appeal the final decision of the Merit Systems Protection Board ("Board" or "MSPB") dismissing their individual right of action ("IRA") appeals, in which they contend they suffered retribution for reporting wrongdoing on the part of Mrs. Gernert's supervisor. The Board dismissed petitioners' appeals on the ground that the reports Mrs. Gernert had made did not amount to a protected disclosure within the meaning of the Whistleblower Protection Act ("WPA"). *Gernert v. Dep't of the Army*, Nos. DE–1221–99–0125–W–1, DE–1221–99–0128–W–1, 2000 WL 1007279 (M.S.P.B. July 14, 2000) (final order). Because the Board correctly determined that petitioners failed to prove by a preponderance of the evidence that a protected disclosure under the WPA had been made, we *affirm*.

## BACKGROUND

This dispute stems from the involuntary transfers of Mr. and Mrs. Gernert from positions they held at the Army Knowledge Network at Fort Leavenworth, Kansas, to other positions within the government. The transfers followed and are alleged to be in reprisal for disclosures by Mrs. Gernert of what she considered to be misuse of government time and facilities by her immediate supervisor, Becky Doyal. Specifically, Mrs. Gernert reported to Ms. Doyal's supervisor, Dr. Morris, and subsequently to an Inspector General, that she observed Ms. Doyal making personal and private business-related telephone calls using government telephones at various times during regular government office hours.

After exhausting their administrative remedies, petitioners each filed an IRA appeal, alleging that the transfers were in retaliation for Mrs. Gernert's disclosure of Ms. Doyal's telephone usage. After a hearing, the administrative judge found that Mrs. Gernert's reports were not protected disclosures within the meaning of the WPA, and concluded that the Board lacked jurisdiction. The full Board denied petitioners' petition for review of the administrative judge's initial decisions, which therefore became the final decisions of the Board. Petitioners timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

The WPA provides, in pertinent part:

(b) Any employee who has the authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority

. . .

(8) take or fail to take, or threaten to take or fail to take, a personnel action

with respect to any employee or applicant for employment because of—

(A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences—

(i) a violation of any law, rule or regulation, or

(ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety....

5 U.S.C. § 2302(b) (2000). This court has interpreted the WPA to require four elements of proof to establish a violation of section 2302(b)(8): "(1) the acting official has the authority to take, recommend, or approve any personnel action; (2) the aggrieved employee made a disclosure protected under section 2302(b)(8); (3) the acting official used his authority to take, or refuse to take, a personnel action against the aggrieved employee; [and] (4) the acting official took, or failed to take, the personnel action against the aggrieved employee because of the protected disclosure." *Frederick v. Dep't of Justice,* 73 F.3d 349, 352 (Fed.Cir.1996) (quoting *Eidmann v. Merit Sys. Prot. Bd.,* 976 F.2d 1400, 1407 (Fed.Cir.1992)).

Jurisdiction over an IRA claim under 5 U.S.C. § 2302(b)(8) is vested in the Board. 5 U.S.C. § 1221(a) (2000). For the Board to have subject matter jurisdiction over an IRA appeal under the WPA, a petitioner must assert a non-frivolous claim that the WPA has been violated. *Langer v. Dep't of the Treasury,* 265 F.3d 1259, 1265 (Fed. Cir.2001). Thereafter, "to prevail in [an] IRA appeal, [appellant must] demonstrate by a preponderance of the evidence that he made a disclosure that he reasonably believed evidenced a violation of law, rule or regulation." *Id.* (citing *Meuwissen v. Dep't of Interior,* 234 F.3d 9, 12 (Fed.Cir. 2000)).

Petitioners in this case have alleged that Mrs. Gernert made a protected disclosure to persons with authority, precipitating personnel actions against petitioners. These allegations are non-frivolous and meet the threshold necessary to trigger Board jurisdiction. *Id.*

After properly conducting a hearing on the merits and determining that petitioners had not established a prima facie case, the Board decided the case and characterized its disposition as a dismissal for lack of subject matter jurisdiction. Because petitioners had made non-frivolous allegations in support of their claims, the Board's characterization of its decision as a dismissal for lack of jurisdiction was not technically correct, and the proper course of action would have been to dismiss for failure of proof. *Langer,* 265 F.3d at 1264–65 ("Although the Board stated that it was dismissing Langer's IRA appeal for 'lack of jurisdiction,' its disposition of this case is more appropriately characterized as a failure to state a claim upon which relief can be granted (i.e., Langer has failed to establish the required elements of his IRA appeal)."); *Spruill v. Merit Sys. Prot. Bd.,* 978 F.2d 679, 689 (Fed.Cir.1992) ("When a nonfrivolous claim for relief has been asserted before the Board, and the outcome is determined by whether the facts support that claim, a decision by the Board that they do not is a failure to prove the claim, not a lack of jurisdiction in the Board."). The Board's incorrect characterization was harmless, however, for on the record before us, it is clear that the Board properly applied the correct standard in finding that Mrs. Gernert's reports did not constitute a protected disclosure under the WPA.

While a protected disclosure may encompass any number of things, this court has held that the WPA was not intended to apply to disclosure of "trivial or de minimis

matters." *Herman v. Dep't of Justice*, 193 F.3d 1375, 1379 (Fed.Cir.1999). The "WPA was enacted to protect employees who report genuine violations of law, not to encourage employees to report minor or inadvertent miscues." *Id.* at 1381. The Board found that "Doyal's misuse of the government telephone was of a de minimis nature." *Gernert v. Dep't of the Army*, No. DE–1221–99–0125–W–1, slip op. at 20 (M.S.P.B. Dec.13, 1999) (initial decision) ("*Gernert I*"); *Gernert v. Dep't of the Army*, No. DE–1221–99–0128–W–1, slip op. at 19 (M.S.P.B. Dec.15, 1999) (initial decision) ("*Gernert II*"). This determination was supported by substantial evidence.

Mrs. Gernert alleged that Ms. Doyal was running a private real estate business on government time. However, the Board found that "[t]here is no evidence to show that Doyal was running a private business out of her government office. I find that Doyal's use of the government telephones was limited to her personal time and involved just a few rental properties." *Gernert I* at 18; *Gernert II* at 18. This finding is supported by substantial evidence. Mrs. Gernert herself admitted that the number of calls ranged from only "one or two" in a day to "several." Trial transcript at 81. She also alleged that she saw Ms. Doyal write business checks only "a couple of times." *Id.* Furthermore, Mrs. Gernert "[couldn't] say whether [Ms. Doyal] did or didn't" bring other paperwork related to the rental business with her to the office. *Id.* Lt. Col. Schillare, who undertook the formal investigation of Ms. Doyal's telephone usage, testified that such use of government telephones was "a relatively common activity" that should be stopped, but was not particularly serious. *Id.* at 124.

Mrs. Gernert's disclosure, which the administrative judge found to bear on rela-tively trivial actions, simply does not rise to the level of a protected disclosure within the meaning of the WPA. Because petitioners have failed to establish by preponderant evidence this element of a prima facie case of a violation of the WPA, we need not and do not consider whether the personnel actions alleged to have been taken against them were in reprisal for Mrs. Gernert's reports.

Our scope of review in an appeal from a decision of the Board is strictly limited by statute. Specifically, we must affirm the Board's decision unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000), *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1573 (Fed.Cir.1996). On the record before us, we find no basis to conclude that dismissal of petitioners' appeal by the Board was in error, and, accordingly, *affirm.*